(Court of Appeal, Parish of Orleans.)

## MRS. A. M. HALLIDAY ET ALS VS. NAPOLEON AVENUE LAND AND IMPROVEMENT CO., LTD.

1. In the absence of a statute or of a provision in the charter of a corporation permitting the forfeiture of stock for non-payment of installments when called, a resolution of a corporate Board of Directors decreeing such forfeiture is null anl void.
2. The corporation's remedy in such a case is a suit to enforce payment of the balance due on the subscription price.
3. Estoppel by acquiescence cannot be successfully urged, unless it be shown that the parties, whom it is sought to estop, spoke or acted with full knowledge of all the circumstances surrounding the transaction.

Appeal from Civil District Court, Division "A."

McCloskey & Benedict, F. E. Rainold, for Plaintiff and Appellee.

J. Zach. Spearing, for Defendant and Appellant.

DUFOUR, J. This is a suit by the heirs of the late Thomas Pickles to recover from defendant five shares of its stock of a par value of $50, with accrued dividends, less $125 balance due on said stock.

The defense set up that Pickles, the original subscriber, though duly notified, failed to pay the balance under calls regularly made by the Board of Directors that his stock was thereafter cancelled for such non-payment by resolution of said Board and "thereafter neither the plaintiffs nor any person representing them made any demand for the return of any portion of the amount paid by the said Pickles or for the right or privilege of paying any balance due on the said subscription, but that, on the contrary, the plantiffs acquiesced in the action of the Board of Directors in forfeiting the said shares."

It appears that in July, 1896, Pickles subscribed to five shares of stock and paid $125; in December, 1896, he died and the present plaintiffs became his heirs.

In August, 1897, and November, 1898, calls were made for the balance due on the subscription, and, by resolution of the Board of date 1898, the claim against the Pickles' estate was

placed in the hands of an attorney who immediately wrote as follows to Mr. Rainold, attorney of said estate:

"The Napoleon Avenue Land and Improvement Company, Limited, has placed in my hands its claim against the estate of Thomas Picklès for $62.50, balance due on the calls made on his subscription to the capital stock of that company. My understanding is that the heirs have been placed in possession of the succession, but knowing that you are connected with the estate and have represented it in all matters, I address you on the subject. Will you kindly let me know whether or not heirs will pay the amount now due?"

On the next day Mr. Rainold replied as follows:

"In answer to yours of the 31st, I beg to say that the heirs of Thomas Pickles have not closed the administration of the estate and the executrices are still in office. Most of the property, however, has been divided between the heirs.

"In regard to the claim of the Napoleon Avenue Land and Improvement Company, Limited, I have to say that *notice was given more than a year ago that they canceled the shares, and I do not see how they can now demand the subscription.*

"Please advise me further in the matter, because if it is a just debt of the succession, and the shares are not canceled, I of course, will advise the payment of the claim. I merely wish to be put in possession of the entire facts before acting.

"Kindly send me a copy of the charter, and let me have a copy of the subscription."

No further communication was had between the parties until March 25, 1899, when defendants' attorney wrote as follows:

"Several months ago I wrote you concerning the claim of the Napoleon Avenue Land and Improvement Company against the heirs of Thomas Pickles. As yet the amount has not been paid, and I take the liberty of reminding you of the claim, and requesting that you give me any information you may have as to the prospects of an early settlement."

On Dec. 18, 1900, the Board of Directors passed a resolution that the amount of $125, paid by Pickles as a stock subscriber be forfeited and canceled from the books of the Company, no notice of intention to cancel or of the actual cancelation was ever given to the plaintiff.

As there is no statute in this State, and, in the corporation charter, no provision for the forfeiture of stock, it follows that

237

the resolution of the Board was an nullity. The corporation's remedy was to sue for the recovery of the unpaid balance of the subscription price, and it has not done so.

No acquiescence has been shown on the part of the plaintiffs who do not seem to have known anything about the matter.

In explaining his letter of Nov. 1, 1898, Mr. Rainold says:

"It is true that, in that letter, I did say that notice was given more than a year ago that the shares had been cancelled. I was mistaken in this statement; there was no forfeiture of the shares in 1897, and the appellant does not pretend that there was * * * At the time of the writing of this letter I was the attorney of Mrs. Halliday, but not of Mrs. Harvey. I never did represent Mrs. Harvey as attorney. I had no authority to do so, and, in fact, had no authority whatsoever from Mrs. Halliday, saving that of an attorney at law, representing her in that capacity as administratrix of the succession of Pickles."

The foregoing, taken from brief of counsel, is not referred to as being evidence, but merely in justice to plaintiffs and their attorneys.

It is sufficient for purposes of decision that the record fails to show any knowledge of or acquiescence by word or deed in the forfeiture by the plaintiffs or any one qualified to act for them.

Estoppel by acquiescence cannot be successfully urged unless it be shown that the parties sought to be estopped spoke or acted with full knowledge of all the circumstances surrounding the transaction.

The plaintiffs are entitled to dividends on the face of their stock, and we find no excess of interest allowed by the Court. The defendant's failure to sue for the balance of subscription and its resort to illegal methods are responsible for this controversy.

Judgment affirmed.

June 8, 1908.

Rehearing refused June 27, 1908.

Writ denied by Supreme Court. Aug. 18, 1908.